UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CR-66-TS |
| | ) | |
| GREGORY BURT | ) | |

**OPINION and ORDER**

Before the Court is the Defendant's Motion for Return of Property [DE 63], filed on April 19, 2007. On January 15, 2008, the Court ordered the Government to file a response to the motion. On January 23, 2008, the Government filed its Response [DE 68] and an Attachment [DE 68-2] with four exhibits. On the same date, the Government filed a Notice of Manual Filing [DE 69], which noted that certified copies of documents were being filed manually.

On November 16, 2005, the Defendant was indicted on two counts: first, knowingly and intentionally distributing a controlled substance, less than five grams of a mixture or substance containing cocaine base, or crack, in violation of 21 U.S.C. § 841(a)(1); and second, knowingly and intentionally possessing with the intent to distribute a controlled substance, five grams or more but less than fifty grams of a mixture or substance containing cocaine base, or crack, in violation of 21 U.S.C. § 841(a)(1).

On August 4, 2006, the Defendant signed a plea agreement with the government, and on August 1, 2006, the Court accepted the Defendant's plea of guilty during a hearing. On November 13, 2006, the Court sentenced the Defendant.

On April 19, 2007, the Defendant filed his motion for return of property. The Defendant's motion is in the form of a short letter and asks for the return of $450 that, according to the Defendant, was confiscated from him when he was arrested.

Federal Rule of Criminal Procedure 41(g) "provides a mechanism by which criminal defendants may recover property seized by the Government." *United States v. Stevens*, 500 F.3d 625, 627–28 (7th Cir. 2007). In the Seventh Circuit, the rule also allows a federal prisoner, such as the Defendant in this case, "to recover evidence that the Government no longer needs." *Id.* at 628. However, this is only possible if the Government still possesses the property; if not, "no relief is available under Rule 41(g)." *Id.*

Whether the Government still possesses the Defendant's property "is a question of fact." *Id.* "Rule 41(g) provides that the district court 'must receive evidence on any factual issue necessary to decide the motion.' As this provision makes clear, any factual determinations supporting the court's decision must be based on evidence received." *Id.* (citation omitted). A hearing is not necessarily required, but the district court must receive evidence, which "may come, for example, in the form of sworn affidavits or documents verifying the chain of custody of particular items." *Id.*

In this case, the property at issue is $446.30 (not $450), which was confiscated from the Defendant when he was arrested. The Government has provided evidence that it does not possess the property the Defendant seeks because the property has already been forfeited to and seized by the State of Indiana and the City of Fort Wayne. The evidence, which was manually filed, includes: a certified copy of the complaint for forfeiture of property, including $446.30, filed by the State of Indiana and the City of Fort Wayne against the Defendant in Allen Superior Court on October 31, 2005; a certified copy of the judgment of the Allen Superior Court, dated February 17, 2006, ordering that the Defendant's property, including $446.30, be forfeited to the plaintiffs; and, a notarized affidavit, dated January 23, 2008, by Steven Espinoza, a member of the Fort

Wayne Police Department serving on the Drug Enforcement Administration Task Force. The affidavit states that he spoke with Timothy Stein, a member of the Fort Wayne Police Department who tracks, maintains, transports, releases, and disposes of evidence. Stein confirmed to Espinoza that the money confiscated from the Defendant was forfeited to the State of Indiana and is no longer in the possession of the Fort Wayne Police Department, according to the affidavit.

The Court has reviewed the above-named documents that were manually filed into evidence. Having reviewed the evidence in this case, the Court finds that the federal government does not possess the Defendant's property, the $446.30. The property has already been forfeited to the City of Fort Wayne and the State of Indiana pursuant to a complaint and judgment in Allen Superior Court, and the property subsequently was forfeited to the State of Indiana. Because the federal government no longer possesses the Defendant's property, "no relief is available" under his Rule 41(g) motion. *Stevens*, 500 F.3d at 628.

The government in this case also sent a letter [DE 68-2 at 8] to the Defendant's attorney on April 26, 2007, stating that the Defendant is not entitled to a return of the money because it had already been forfeited to the State of Indiana. The letter notes that it is a follow up to a prior telephone conversation. The letter is copied to the Defendant where he is incarcerated. While this letter does not necessarily effect the factual finding of the Court, the Court notes that the letter provided notice to the Defendant notice and an explanation regarding the disposition of his property.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion [DE 63] is DENIED.

SO ORDERED on January 30, 2008.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT