UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-66-TLS |
| | ) | |
| GREGORY BURT | ) | |

**OPINION and ORDER**

Before the Court are the *pro se* Defendant's "Motion for Sentencing under 3582(c)(2) and 3553" [DE 81], filed February 6, 2009, and "Amended Motion for Sentencing under 3582(c)(2) and 3553" [DE 89], filed April 2, 2009. Also before the Court is a Motion to Withdraw [DE 88], filed by court-appointed defense counsel on March 5, 2009.

The Defendant in his two motions argues that he is eligible for a greater reduction in his sentence beyond what he already received due to the amended sentencing guidelines for crack cocaine offenses. He argues that the Court has discretion under 18 U.S.C. § 3582(c)(2), *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), to further reduce his sentence despite the language of guidelines, the guidelines policy statements, and guidelines commentary. He argues that courts should consider the factors in 18 U.S.C. § 3553(a) when conducting a § 3582(c)(2) crack cocaine resentencing and use those factors to reduce the sentence even further than the limits set by the advisory sentencing guidelines. He also argues that the Sentencing Commission and its amendment that limits a crack cocaine sentence reduction violates the Commission's enabling statute, 28 U.S.C. § 994(a)(2), specifically its "obligation . . . to write policy statement[s] that 'further the purpose set forth in section 3553(a)(2).'" (Def. Am. Mot. 8) (quoting 28 U.S.C. § 994(a)(2)).

On May 1, 2008, the Court reduced the Defendant's sentence from 151 months to 130

months in accordance with the amended sentencing guidelines. (May 1, 2008, Order, DE 78.) The sentence of 130 months is the minimum of the amended advisory guidelines range. After the Defendant filed his first *pro se* Motion to reduce his sentence, the Court appointed counsel for the Defendant. Counsel filed a Notice [DE 87] stating that he does not believe that the Defendant is eligible for any further reduction in his sentence in light of *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009).

The Court agrees with counsel's assessment. *Cunningham* forecloses the Defendant's requested relief and disposes of his arguments. "[S]ection 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range." *Cunningham*, 554 F.3d at 708. "[D]istrict courts do not have the authority to grant sentence reductions pursuant to section 3582(c)2) below the amended guideline range." *Id.* The Seventh Circuit rejected arguments that consideration of the § 3553(a) factors during a § 3582(c)(2) sentencing reduction means the sentence can go below the minimum of the new guideline range. *Id.* It also rejected the argument that *Booker* authorizes courts to set the adjusted sentence below the guideline range. *Id.* at 704–08.

As for the Defendant's argument that the Commission has violated its own statute, the Defendant is simply quarreling with the "legislative judgment" of the Commission, which is not a basis to reduce the sentence. *United States v. Gonzalez*, 462 F.3d 754, 755 (7th Cir. 2006). This is especially the case in a § 3582(c)(2) proceeding, which is not a full resentencing and "may not result in a sentence lower than the amended guideline range." *Cunningham*, 554 F.3d at 708.

2

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's *pro se* Motions [DE 81, 89], and the Court GRANTS the Motion to Withdraw [DE 88].

So ORDERED on April 14, 2009.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT